UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH SCHNUPP, III and JUSTIN BANKS,

    Plaintiffs,

v.

MASSACHUSETTS DEPARTMENT OF CORRECTIONS,

    Defendant.

Civil No.:

## COMPLAINT AND JURY TRIAL DEMAND

Now come the Plaintiffs, Joseph Schnupp, III and Justin Banks, by and through undersigned counsel, and for their Complaint of discrimination against the Massachusetts Department of Corrections, states and avers as follows:

### INTRODUCTION

1. Plaintiff Joseph Schnupp, III, a former correctional officer and practicing Christian, seeks damages against Defendant for discrimination and the wrongful termination of his employment in violation of Title VII of the Civil Rights Act of 1964, M.G.L. c. 151B, § 4(1A) and 42 U.S.C § 1983, for objecting to receiving a Covid-19 vaccine on the basis of his sincerely held religious beliefs.

2. Plaintiff Justin Banks, a former correctional officer and practicing Christian, seeks damages against Defendant for discrimination and the wrongful termination of his employment in violation of Title VII of the Civil Rights Act of 1964, M.G.L. c. 151B, § 4(1A) and 42 U.S.C § 1983, for objecting to receiving a Covid-19 vaccine on the basis of his sincerely held religious beliefs.

1

## I.    PARTIES

3. Plaintiff, Joseph Schnupp, III, (hereinafter, "Schnupp") was employed by the Defendant, Massachusetts Department of Correction, as a correctional officer until he was unlawfully and wrongly terminated on or about December 24, 2021.

4. Plaintiff, Justin Banks, (hereinafter, "Banks") was employed by the Defendant, Massachusetts Department of Correction, as a correctional officer until he was unlawfully and wrongly terminated on or about December 22, 2021.

5. Collectively, the two (2) Plaintiffs will be referred to as the "Plaintiffs".

6. Defendant Massachusetts Department of Correction (hereinafter, the "DOC" or the "Defendant") is an agency of the Commonwealth of Massachusetts' Executive Office of Public Safety and Security and is tasked with overseeing the Massachusetts state prison system and managing the thirteen (13) institutions across the state.

7. The DOC Headquarters is located at 50 Maple Street, Milford, Massachusetts 01757.

8. Presumably, the DOC is an employer within the meaning of 42 U.S.C. Sec 2000e (b) and M.G.L. c 151B, Sec1(5), with more than fifteen (15) employees.

9. The Defendant summarily and wrongly terminated Schnupp's employment on or about December 24, 2021.

10. The Defendant summarily and wrongly terminated Banks' employment on or about December 22, 2021.

11. The Defendant negligently, unlawfully, and wrongly terminated the Plaintiffs, when it denied their requests for a Religious Exemption and Accommodation,

causing both Schnupp and Banks to suffer a significant financial loss, including future earnings and retirement.

## II.   JURISDICTION

12. This Court has jurisdiction pursuant to 28 U.S.C §§1331, 1343 and 1367.

13. Venue is proper pursuant to 28 U.S.C § 1391(b).

## III.   FACTS

14. Schnupp was employed as a correctional officer by the DOC for approximately eight (8) years until he was unlawfully and wrongfully terminated by the Defendant due to his sincerely held religious beliefs.

15. Banks was employed as a correctional officer by the DOC for approximately three and a half years (3 ½) until he was unlawfully and wrongfully terminated by the Defendant due to his sincerely held religious beliefs.

16. In or around late August of 2021, the DOC informed its employees that they were required to obtain the Covid-19 vaccination on or before October 17, 2021.

17. Plaintiffs both submitted timely requests to be exempt from Defendant's policy requiring its employees to receive the Covid-19 vaccine based upon their sincerely held religious beliefs. A copy of Plaintiffs' requests is incorporated herein by reference in its entirety.

18. In such request, both Plaintiffs stated that they believe in God, practice the Christian faith and hold deeply held religious beliefs that prevent them from receiving said vaccine, namely that 1) the vaccine was developed by using fetal cells, 2) God has a plan for everyone and it is not our place to interfere with his

plan, and 3) he is a reflection of God's work and he cannot place harmful or foreign substances in his body.

19. In his request, Banks confirms discussion with DOC confirming the extent of his objection to fetal cell involvement and the religious tenet against killing and related that this belief caused him to become a vegetarian more than 20 years prior.

20. Both Plaintiffs requested accommodation from DOC and each was summarily denied.

21. The DOC denied Schnupp's and Banks' requests to be exempt from receiving the Covid-19 vaccine.

22. On or about December 22, 2021, the DOC unlawfully and wrongly terminated Banks' employment as a correctional officer.

23. On or about December 24, 2021, the DOC unlawfully and wrongly terminated Schnupp's employment as a correctional officer.

## IV.    CLAIMS FOR RELIEF

### COUNT I

### VIOLATION OF TITLE VII AND M.G.L. CHAPTER 151B RELIGIOUS DISCRIMINATION

24. Plaintiffs re-allege the foregoing Paragraphs 1-23 as if set forth again here.

25. Plaintiffs were very specific, honest and conveyed their sincerely held religious beliefs to Defendant.

26. Plaintiffs explained their sincerely held religious beliefs were based in Christianity which precluded them from taking any Covid-19 vaccine and

specifying the fact that then current Covid-19 vaccines "developed with or tested upon aborted fetal cell lines".

27. Plaintiffs at all relevant times were engaged in protected activity under M.G.L. Chapter 151 and 42 USC § 2000e *et seq*.

28. Under Title VII, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of" that individual's religion. 42 U.S.C. § 2000e-2(a)(1). An employer must "reasonably accommodate" an employee's **religious** practice unless such accommodation would impose "undue hardship on the conduct of the employer's business." Id. § 2000e(j). To reiterate, the means to accommodate Plaintiffs would not have added additional costs, as the policies, procedures and equipment were already in place since the beginning of the Covid-19 pandemic.

29. Upon information and belief, the DOC granted one (1) or more exemption due to religious or medical reasons.

30. Discrimination is defined as prejudiced, unfair, or unequal treatment of people based on their personal characteristics such as race, **religion**, disability, age, nation of origin, or gender.

31. Defendant wrongly, arbitrarily, and capriciously denied both Plaintiffs' request for a Religious Exemption **and** Accommodation from having to inject themselves with the Covid-19 vaccine due to their sincerely held religious beliefs.

32. At all times, Defendant knew, or should have known, that the Covid-19 vaccine did not prevent contracting nor spreading of the disease.

## COUNT II

## VIOLATION OF FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION
## (42 U.S.C § 1983)

33. Plaintiffs re-allege the foregoing Paragraphs 1- 32 as if set forth again here.

34. Defendant, at all times relevant to this action, was acting under color of state law.

35. Defendant, while acting under color of state law, violated Plaintiffs' constitutional rights, guaranteed to them by the First Amendment of the United States Constitution, by discriminating against them based upon their religion and inhibiting their right to freely practice their religion.

36. Defendant's actions were not in good faith and were in violation of clearly established law.

37. Defendant's actions were unnecessary, unreasonable, unlawful and unjustified.

38. Defendant's actions deprived the Plaintiffs of their constitutional right to freely practice their religion without government interference.

39. As a direct and proximate result of Defendant's unreasonable and unlawful actions, the Plaintiffs have suffered substantial damages, both compensatory and general, including but not limited to, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation and general suffering.

**WHEREFORE, PLAINTIFFS PRAY THAT THIS HONORABLE COURT:**

Enter Judgment against Defendant finding that their conduct was knowingly and negligently in bad faith, with knowledge or reason to know that their acts violated Schnupp's and Banks' Constitutional rights, and caused substantial hardships to them, against public policy and Federal law, for damages as follows:

A. A declaration that Plaintiffs' statutory rights were violated and an order requiring just, proper, and equitable relief.

B. A finding for Plaintiffs for the Counts set forth herein and an order for an amount to be determined at the trial of this matter.

C. Compensatory damages in the amount of Five Million Dollars ("$5,000,000.00") for each Plaintiff.

D. Punitive damages in the amount of One Million Dollars ("$1,000,000.00") for each Plaintiff.

E. Award reasonable attorneys' fees and costs of this action to Plaintiffs; and

F. Such other and further relief that this Honorable Court finds meet, just, proper, and equitable.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES AND COUNTS.**

|  |  |
|---|---|
|  | Respectfully submitted,<br>The Plaintiffs,<br>Joseph Schnupp, III and Justin Banks,<br>By their attorneys, |
| DATED: December 20, 2024 | */s/ Richard C. Chambers, Jr., Esq.*<br>Richard C. Chambers, Jr., Esq.<br>BBO#: 651251<br>Chambers Law Office<br>220 Broadway, Suite 404<br>Lynnfield, MA 01940<br>Office: (781) 581-2031<br>Cell: (781) 363-1773<br>Email: Richard@chamberslawoffice.com |
| DATED: December 20, 2024 | */s/ Joseph Spinale, Esq.*<br>Joseph Spinale, Esq.<br>BBO#: 548547<br>Chambers Law Office<br>220 Broadway, Suite 404<br>Lynnfield, MA 01940<br>Office: (781) 581-2031<br>Cell: (781) 838-1411<br>Email: Joe@chamberslawoffice.com |